106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. HESELIUS, Defendant-Appellant.
 No. 96-30093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1997.*
Decided Jan. 10, 1997.
 
 1
 Before: CANBY and TASHIMA, Circuit Judges, and SILVER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 William D. Heselius appeals his multiple convictions for mail fraud in violation of 18 U.S.C. § 1341. We affirm.
 
 I.
 
 4
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 II.
 
 5
 Heselius initially argues that the government failed to prove the jurisdictional component of mail fraud beyond a reasonable doubt. Heselius made all contacts, submitted all applications and documentation, and conducted all communications with Montana's Department of Health and Human Services and the Helena Housing Authority in person, not by mail. As the government admits, the only evidence that Heselius used the mails to execute the fraudulent scheme charged in the indictment was testimony indicating that state warrants were issued to Heselius for the AFDC and housing benefits. Such evidence, Heselius contends, does not prove that he used the mails "for the purpose of executing [the] scheme," as required by 18 U.S.C. § 1341, because "[t]he mailing of the checks were little more than post-fraud action by the agencies of the State of Montana."
 
 
 6
 Heselius' argument is without merit. Although it is true that "post-fraud accounting among the potential victims of ... various schemes" does not satisfy the jurisdictional component of 18 U.S.C. § 1341, Schmuck v. United States, 489 U.S. 705, 714 (1989), here the mailing of the state warrants, representing Heselius' AFDC and housing benefits, was the central purpose of the scheme charged in the indictment, because those warrants allowed Heselius to acquire the monetary value of those benefits. Without those warrants, therefore, Heselius' fraudulent scheme was incomplete. See United States v. Hubbard, 96 F.3d 1223, 1228-29 (9th Cir.1996), where we held regarding a scheme of odometer tampering that the mailings, which were made by the Arizona Department of Transportation and not the defendant, to a private innocent company was sufficiently closely related to the fraud because the success of the scheme depended on the acquisition of the Arizona titles by the defendants.
 
 III.
 
 7
 Heselius also argues that the district court erred in refusing, on relevancy grounds, to allow him to cross-examine Blixt concerning his wife Kimberly's involvement in the scheme charged in the indictment. In Heselius' view, the evidence was relevant to show that Kimberly, not he, was responsible for the fraudulent scheme. We review a district court's decision concerning the relevance of evidence for abuse of discretion. United States v. Easter, 66 F.3d 1018, 1020 (9th Cir.1995), cert. denied, 116 S.Ct. 1026 (1996).
 
 
 8
 The district court did not abuse its discretion in limiting the scope of Heselius' cross-examination of Blixt. The district court did allow Heselius to ask Blixt a number of questions concerning her dealings with Kimberly, questions that concluded with Blixt asserting, "I don't believe there was any fraud committed by Kimberly during this time period." Moreover, the district court specifically encouraged Heselius to offer evidence that Kimberly forged his name on benefit applications or any other evidence tending to prove that he did not act to further the scheme charged in the indictment. Indeed, the district court admitted two benefit applications signed by Kimberly into evidence. The district court was clearly acting within its discretion, therefore, when it refused to permit further irrelevant cross-examination of Blixt concerning Kimberly's allegedly-fraudulent activities.
 
 IV.
 
 9
 Finally, Heselius argues that the district court improperly and prejudicially allowed the government to elicit at trial evidence of "other misconduct, extraneous offenses, and character evidence." Heselius did not object to the admission of that evidence at trial; we thus review the district court's admission of that evidence only for plain error. United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir.1985), cert. denied, 502 U.S. 973 (1991).
 
 
 10
 No such error exists in this case. Plain error in the admission of evidence occurs only if the evidence was inadmissible and materially affected the outcome of the defendant's trial and the defendant's right to a fair trial. United States v. Hamilton, 792 F.2d. 837, 840 (9th Cir.1986). Even assuming that the evidence in question was inadmissible, Heselius has failed to explain how, in light of the overwhelming evidence of his guilt, the admission of the allegedly-improper evidence either affected the outcome of his trial or denied him his right to a fair trial.
 
 CONCLUSION
 
 11
 Heselius challenges to his multiple convictions for mail fraud in violation of 18 U.S.C. § 1341 are without merit. We thus AFFIRM those convictions.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3